UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
SHIMON HALBERSTAM
TRUSTEE OF THE ZUPNICK
FAMILY TRUST 2008 B,

                             Plaintiff,

  -against-

ALLIANZ LIFE INSURANCE COMPANY
OF NORTH AMERICA,

                            Defendant.
-------------------------------------------------------X

Docket No. 1:16-cv-06854 (ARR-ST)

**PLAINTIFF'S RESPONSE TO DEFENDANT'S RULE 56.1 STATEMENT OF MATERIAL FACTS**

      Pursuant to Local Rule 56.1 of the United States District Court for the Eastern District of New York, plaintiff, Shimon Halberstam, as Trustee of the Zupnick Family Trust 2008 B, respectfully submits his response to the Statement of Material Facts by defendant, Allianz Life Insurance Company of North America.

      1.     Uncontested. As to all references to the Policy and its terms, the Policy and its terms speak for themselves.

      2.     Contested. This action seeks a declaration that the Policy did not lapse as a result of Allianz's failure to send proper notice coupled with Allianz's refusal to accept payment. See, Statement of Material Facts in Support of Plaintiff's Motion for Summary Judgment ("SMF") ¶¶ 19-37.

      3.     Uncontested.

      4.     Uncontested.

      5.     Uncontested.

      6.     Uncontested. As to all references to the Policy and its terms, the Policy and its terms speak for themselves.

7. Contested. The Policy contained a complex three-part test which determines how much premiums are due and when premiums are due which includes factors known only to Allianz. SMF ¶¶ 14-20.

8. Uncontested.

9. Uncontested.

10. Uncontested.

11. Contested. When read as a whole, the Policy requires Allianz to include an amount. Further, New York Insurance Law § 3211 requires that the notice state the amount due and by law, the Policy is construed to conform to the New York statute. By law, the statute is read into the Policy.

12. Uncontested that insurance is not free but when an insurer refuses to accept payment of premium, the life insurance policy does not terminate for failure to tender the premiums. P. 17-28 of Memorandum of Law in Support of Motion and accompanying facts SMF ¶¶ 19-41.

13. Uncontested as to the initial premium amount but contested as to the remaining statement. The Policy was a flexible policy which allowed subsequent premiums to be paid at different amounts and on different dates and were, in fact, paid in variable amounts and on different dates throughout the life of the Policy. SMF ¶¶ 12-17. As to all references to the Policy and its terms, the Policy and its terms speak for themselves.

14. Contested. Shimon began paying premiums in June 2008 and four payments were made on the Policy, issued in April 2008, prior to his involvement. SMF 7-10 and compare Exhibit B to Anderson Affidavit ("Premium History") to Exhibit A to Halberstam Affirmation. Further, Zissy Halberstam's testimony cited in support of this statement, only states that the

2

Halberstams became involved some time in 2008. Finally, Shimon Halberstam's testimony is neither admissible nor does it have any probative value. See, Counter-Statement of Facts, below, and Exhibit A to BenHaim Affirmation in Opposition.

15. Uncontested.

16. Contested that plaintiff procured the Policy. See, response to 14, above.

17. Contested that Shimon had any involvement with the Policy or made the first four payments. See, response to 14, above. Further, Zissy Halberstam's testimony only states that Shimon was responsible for some payments between April and June 2008.

18. Contested. Not only did Shimon not make the initial four payments but the Policy never lapsed as Allianz never sent proper notice and prevented and rejected payment of premiums.

19. Contested. Allianz was the only party with the knowledge necessary to determine the amount of premiums necessary to keep the Policy in force. SMF ¶¶ 12-17 and Allianz Statement of Fact 22, which identifies notices Allianz calculated and sent the Trust identifying the amount necessary to keep the Policy in force.

20. Uncontested.

21. Uncontested.

22. Uncontested.

23. Uncontested.

24. Uncontested.

25. Uncontested.

26. Contested. The sum and substance of the telephone call on August 20, 2012 are contained in the transcript of that call and the recording provided to the Court and differ,

substantively, from the description provided herein by Allianz. SMF ¶¶ 21-24 and Exhibit B to Affirmation of Shimon Halberstam.

27. Contested. The sum and substance of the telephone call on August 30, 2012 are contained in the transcript of that call and the recording provided to the Court and differ, substantively, from the description provided herein by Allianz. SMF ¶¶ 26-28 and Exhibit D to Affirmation of Shimon Halberstam.

28. Contested. The sum and substance of the telephone call on September 5, 2012 are contained in the transcript of that call and the recording provided to the Court and differ, substantively, from the description provided herein by Allianz. SMF ¶¶ 29-30 and Exhibit E to Affirmation of Shimon Halberstam.

29. Uncontested.

30. Uncontested. However, the Policy never lapsed and should not have been subjected to reinstatement.

31. Contested. Allianz informed Shimon and Zissy Halberstam that the amount necessary to keep the Policy in force would change and only be determined after a reinstatement application is submitted. SMF ¶ 36 and Exhibit F to Halberstam Affirmation. As such, the Halberstams were led to believe by Allianz that the amount in the November 2012 submission was not the amount necessary to reinstate the Policy.

32. Contested. Allianz informed Shimon and Zissy Halberstam that the amount necessary to keep the Policy in force would change and only be determined after a reinstatement application is submitted. SMF ¶ 36 and Exhibit F to Halberstam Affirmation. As such, the Halberstams were led to believe by Allianz that the amount in the December 2012 submission was not the amount necessary to reinstate the Policy.

33. Contested. Allianz informed Shimon and Zissy Halberstam that the amount necessary to keep the Policy in force would change and only be determined after a reinstatement application is submitted. SMF ¶ 36 and Exhibit F to Halberstam Affirmation. As such, the Halberstams were led to believe by Allianz that the amount in the November 2012 submission was not the amount necessary to reinstate the Policy.

34. Uncontested that a check or wire or cash was not submitted but an unconditional offer to pay was made and rejected by Allianz, including on October 25, 2012. SMF ¶ 36 and Exhibit F to Halberstam Affirmation.

35. Uncontested that a reinstatement application was not submitted but contest the fact that a reinstatement application was necessary. A reinstatement application was not necessary since the Policy never lapsed and did not require reinstatement to remain in active status.

## PLAINTIFF'S RULE 56.1 COUNTER STATEMENT OF MATERIAL FACTS

1. Plaintiff incorporates by references those facts delineated in his Statement of Facts dated June 1, 2018, in support of his motion.

2. Shimon Halberstam's testimony at deposition was not taken under oath or under the penalty of perjury nor did Shimon Halberstam display the capability to understand what that would mean. Further, at his deposition, Shimon Halberstam was under a bevy of medications, meant to treat his cognitive disabilities and was unable to testify with any accuracy. See, Exhibit A to BenHaim Affirmation in Opposition to Motion by Allianz.

3. According to Allianz, in September of 2012, only $80,326.54 was needed to keep the Policy from terminating and according to plaintiff's expert only $64,721.30 was necessary.

5

SMF 15-20 and supporting documents.

Dated: Kew Gardens, New York
      June 14, 2012

                                        LIPSIUS-BENHAIM LAW, LLP
                                        Attorneys for Plaintiff

                         By: _____
                                        David BenHaim
                                        80-02 Kew Gardens Road, Suite 1030
                                        Kew Gardens, New York 11415
                                        212-981-8440